LILA O'CONNOR, RESPONDENT, v. MICHAEL F. COYNE,
EXECUTOR OF THE ESTATE OF PHILIP COYNE, DE-
CEASED, APPELLANT.

Submitted October 29, 1926—Decided January 31, 1927.

1. In a suit against an executor for services rendered his testator,
   there was ample proof of a promise to pay the plaintiff for her
   services by a provision in his will, and no proof was offered
   to contradict this promise, hence, a declaration by the trial court,
   in his charge to the jury, that if they believed the plaintiff's testi-
   mony they must find that there was a mutual expectation that the
   plaintiff was to be paid for her services, coupled with the declara-
   tion that the burden of proof was upon the plaintiff to show that
   the services were not rendered gratuitously, is legally unassailable.

2. Where the trial court, in his charge, indicated sufficiently to the
   jury that it was only credible testimony that should influence its
   judgment, and there was testimony adduced as to the credibility
   of the witness or witnesses, it was not error to refuse to charge
   an abstract legal principle as to the credibility of witnesses.

On appeal from the Supreme Court.

For the appellant, *Robert H. Doherty.*

For the respondent, *Quinn, Parsons & Doremus.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff below brought her action against
the defendant below, in his representative capacity, to re-
cover compensation for services rendered by her to the de-
fendant's testator, in his lifetime, extending over a period of
seven years. She was the testator's niece, by affinity, and lived
in his household, at his request; and the services for which
she claimed compensation were those rendered by her while a
member of testator's household. Her action was founded on
an express promise made by the testator that she would be
compensated for her services, by a provision in his will. He
made no such provision. He did not compensate her for her
services during his lifetime. There was ample proof as to
the promise made to compensate the plaintiff for her services.

There was no testimony offered on behalf of the appellant and the cause was submitted on the testimony adduced on the plaintiff's case. The plaintiff obtained a verdict, on which judgment was entered against the appellant, who brings the record here for review.

The first point made and argued in the appellant's brief for a reversal of the judgment is, that the court erred in instructing the jury, as follows: "If you believe the testimony for the plaintiff, there being no evidence in contradiction, you must find that there was a mutual expectation that the plaintiff was to be paid for her services and that such compensation was to be made by a provision in Mr. Coyne's will." Counsel of appellant has not in his argument made it clear to us that under the evidence the trial judge was not warranted in making the criticised statement, especially as he prefaced it by these remarks: "The burden is upon the plaintiff to show that the services were not rendered gratuitously but upon a distinct understanding that they should be compensated." The legal proposition contained in the charge excepted to cannot be successfully assailed. *Disbrow* v. *Durand,* 54 *N. J. L.* 343 (at *p.* 345) ; *West* v. *Prest,* 98 *Id.* 209.

Next it is urged that the court erred in refusing to charge the defendant's fourth request. We think the request was properly refused, since it appears that the court had fully and accurately stated the legal rules applicable to the facts of the case, as developed by the testimony.

Nor do we find any error in the refusal by the trial judge to charge the fifth request. The court had already instructed the jury that if the jury believed the testimony for the plaintiff, "there being no evidence in contradiction," &c., gave the jury sufficiently to understand that it was only credible testimony that should influence its judgment, and therefore in the absence of facts or circumstances bringing into question the credibility of a witness or of witnesses, it was not error to refuse to charge the abstract legal principles of evidence as requested.

For the same reason the refusal of the court to charge the sixth request which was of like character as the fifth, was not erroneous.

Lastly, as to the seventh request, which the court refused to charge and which refusal is relied on and argued as prejudicial error, we find the request to be without any basis of support from the evidence in the cause.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.